No. 2961

Second Circuit

POWERS, JR., v. SMITH AND HANCHEY

(June 28, 1927. Opinion and Decree.)

(*Syllabus by the Court*)

1. **Louisiana Digest—Bills and Notes— Par. 184, 186.**

One who pays a negotiable instrument to the payee who is not then in possession of it, but who has previously transferred or pledged it in due course, pays at his peril and is not thereby relieved of his obligation to such holder in due course.

2. **Louisiana Digest—Bills and Notes— Par. 184, 189.**

The facts in this case held to show that the bank, to which the note was paid by the maker, was at the time the holder and owner of the note and that the debt was discharged.

Appeal from the Eighth Judicial District Court of Louisiana, Parish of Caldwell. Hon. F. E. Jones, Judge.

Action by J. T. Powers, Jr., against J. E. Smith and H. L. Hanchey.

There was judgment for defendants and plaintiff appealed.

Judgment affirmed.

J. B. Thornhill, of Columbia; B. T. Dawkins, of Alexandria, attorneys for plaintiff, appellant.

K. Hundley, of Alexandria, attorney for defendants, appellees.

ODOM, J. This is a suit on a promissory note for $350.00 made and signed by the defendant, Smith, payable to H. L. Hanchey, and by Hanchey endorsed in blank.

Plaintiff claims to be the holder and owner of the note and sues Smith and Hanchey for the amount thereof.

Smith's defense is that he paid the note to Hanchey, the payee, before maturity, and Hanchey contends that plaintiff was not the holder and owner of the note when it was paid to him by Smith but, on the contrary, that it was pledged to the Guaranty Bank & Trust Company as collateral to secure a loan which said bank made to him and that when Smith paid the note to him he applied the proceeds to said loan.

The lower court rejected plaintiff's demand and he has appealed.

## OPINION

On June 2, 1923, the defendant, J. E. Smith, executed a promissory note for $350.00, made payable to the defendant, H. L. Hanchey, the note falling due on December 6, 1925.

On September 25, 1925, before the maturity of the note, Smith paid Hanchey the full amount thereof.

In the meantime the note had gone out of Hanchey's hands, but he promised Smith that he would get it and deliver it to him, but he failed to do so.

It is plaintiff's contention that Hanchey pledged the note to him before its maturity and before it was paid by Smith as collateral to secure certain loans and advances which he had made to Hanchey and that the note was not paid to him.

There is no question of law involved. If, as a matter of fact, plaintiff was the pledgee of the note when Smith paid Hanchey, Smith is not relieved of his obligation to plaintiff. One who pays a negotiable instrument to the payee who is not then in possession of it but who has previously transferred or pledged it in due course, pays at his peril and is not thereby relieved of his obligation to such holder in due course.

So the question before the court is one of fact, and is this: Was plaintiff the holder of the note sued on at the time it was paid to Hanchey by Smith and at the time it fell due?

The District Judge held, and we think correctly, that he was not.

The testimony shows that the plaintiff, Powers, is and has been for many years Cashier of the Guaranty Bank & Trust Company. Hanchey was in the lumber and timber business and over a period of several years Powers advanced him money and took as security such collateral as Hanchey had and was willing to pledge.

In February, 1926, Hanchey gave Powers two notes, one for $1189.67 and one for $1915.86. We infer that these notes closed Hanchey's account with Powers. Powers claims that the note sued on was held by him as collateral to these notes. He does not claim, however, that there was a new pledge of the note sued on at the time these notes were given him by Hanchey, but he says that he was in possession of the note long prior to that, his recollection being that he first acquired it in 1924. He does not claim, however, that the note was in his hands during all the time from the date on which he first acquired it, but says it was "in my possession and out of my possession during the years we had these business transactions".

The testimony shows that on August 17, 1925, Hanchey borrowed $1500.00 from the Guaranty Bank & Trust Company and gave his note for that amount to the bank. Hanchey says he pledged the Smith note to the bank as collateral to that note, and that when the Smith note was paid and when it fell due it was pledged not to plaintiff but to the bank. He made the final payment to the bank on his $1500.00 note on February 5, 1926. He says that when he finally paid his debt to the bank

he demanded the Smith note, which was then past due and paid, but that plaintiff, who was cashier of the bank and received the payment refused to deliver it.

Our conclusion is that the note sued on was in fact in the hands of the bank, and not plaintiff, at the time it was paid, and, our opinion is not based entirely upon Hanchey's testimony to that effect. Plaintiff says the note was in and out of his possession during this time. That it was in the possession of the bank when it was out of plaintiff's possession is evident from the testimony of plaintiff himself. He was asked if he knew anything about the $1500.00 given by Hanchey to the bank and he said:

"I have some recollection of making Mr. Hanchey a loan and this note and one note a year prior to this was used as collateral."

He was asked if the $1500.00 note was a bank transaction, and he said:

"I suppose this note with security was a bank transaction."

He was asked:

"The Guaranty Bank & Trust Company had the Smith note payable to Mr. Hanchey as collateral to the note due by Mr. Hanchey to the bank?"

And he answered:

"At some time it did, but I don't remember when it was."

And, again, he was asked:

"Do you know what became of them (the Smith notes) when they were not in your possession?"

And he answered:

"One time they were used as collateral to the bank on a loan."

Plaintiff's testimony that the note was out of his possession a portion of the time after he says he first got it, and his testimony that it was at one time pledged to the bank as collateral, so corroborates Hanchey's testimony that he pledged it to the bank as collateral to the $1500.00 note, that we accept that fact as proved.

There is another point equally as strong against plaintiff. If he acquired the note after maturity, he took it subject to whatever equities may have existed between Smith, the maker, and Hanchey, the payee. It is not claimed that the bank transferred the note to plaintiff for value, but it is contended by plaintiff that Hanchey pledged it to him. If Hanchey pledged it to plaintiff, he pledged it after he paid his note to the bank, which was on February 5, 1926, for plaintiff was asked this question by the court:

"Q. You stated in your prior examination that in August, 1925, the Guaranty Bank had this note in its possession as collateral? Do you know when you subsequently acquired that note?"

And he said:

"I got it when the bank note was paid."
"Q. Do you know when the bank note was paid?
"A. No, sir.
"Q. Do you know how soon after that bank note was paid that you acquired it?
"A. I think immediately following it."

The proof is conclusive that the bank note was paid on February 5, 1926. At that time the Smith note was past due and paid and the bank, as pledgee, had received the proceeds.

Therefore, when the note was pledged to plaintiff, if it was, it was a dead piece of paper.

Counsel for plaintiff, in oral argument and in brief, stress the point that Hanchey was indebted to plaintiff over a period of years and that this was what he terms a continuous pledge, and that Smith's payment of the note to Hanchey did not discharge the obligation insofar as plaintiff is concerned.

That would be true if plaintiff had held the note in pledge, continuously, which the proof shows he did not do. He released the pledge, if he ever had it, in pledge, and reacquired it after maturity and after it had been paid.

It is fair to state that there are some expressions in the testimony of both Hanchey and plaintiff, if taken alone, which support plaintiff's theory of the case; but the testimony as a whole, and especially that referred to, amply supports the conclusion reached by the District Judge.